**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Farzan Roohparvar, | NO. C 05-04222 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING FAIRCHILD'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE** |
| Fairchild Semiconductor of California, and Kirk Miklavic, | |
| Defendant(s). | |

**I.  INTRODUCTION**

Plaintiff ("Plaintiff") in this case is Farzan Roohparvar, a former employee of Fairchild Semiconductor Corporation.  Defendants ("Defendants") are Fairchild Semiconductor Corporation of California ("Fairchild") and Kirk Miklavic ("Miklavic"), Fairchild's Director of Human Resources for the Analog Products Group, the Standard Products Group and the Sales Department. In February 1999, Plaintiff began employment with Fairchild.  The employment was pursuant to an oral and written employment agreement where it was agreed that Plaintiff's annual salary would be $188,531.00.  Plaintiff's lawsuit arises out of changes made to his salary schedule.  The parties came to several agreements whereby Plaintiff would be paid an hourly rate for a maximum set of hours, yet he would continue to work his normal fifty to sixty hours per week.  In return, Fairchild allegedly agreed to pay the remainder of Plaintiff's unpaid wages at an unspecified later date, but failed to do so.  Plaintiff's complaint contains primarily claims for breach of contract and fraud.

Presently before the Court is Fairchild's motion to dismiss and motion to strike. Fairchild contends that Plaintiff failed to plead fraud with the requisite specificity. The motion was scheduled for hearing on December 5, 2005. The Court finds it appropriate to take the motion under submission for decision based upon the papers filed by the parties, without oral argument pursuant to Civil Local Rule 7-1(b). Based upon all the papers filed to date, the Court grants the motion to dismiss for failure to state a claim and motion to strike.

## II.  BACKGROUND

In February 1999 Plaintiff began employment with Fairchild. (Complaint, hereinafter "Complaint," ¶ 7.) The employment was pursuant to an oral and written agreement under which Plaintiff would receive $188,531.00 annually. (Complaint ¶ 7.)

In June 2001, Defendants entered into an oral agreement whereby Plaintiff would work his normal fifty to sixty hours per week, but would be paid for only 10 hours a week, on an hourly basis. (Complaint ¶ 8.) The remainder of the wages were to be paid at an unspecified later date. (Complaint ¶ 8.)  Between July 8, 2001 and October 8, 2001, Fairchild paid Plaintiff for ten hours per week at a rate of $90.64 per hour while he continued to work fifty to sixty hours per week. (Complaint ¶ 9.)

On October 8, 2001, Fairchild modified the agreement and began paying Plaintiff for eleven hours instead of ten hours of work per week. (Complaint ¶ 10.)  Fairchild never paid Plaintiff for the hours worked over eleven hours per week. (Complaint ¶ 11.)  On December 15, 2002, Fairchild restored Plaintiff to his annual income of $188,531.00. (Complaint ¶ 12.)

Around June 2, 2003, both parties entered into a new oral agreement, whereby Plaintiff would work fifty to sixty hours per week, but would receive pay for only two weeks of every month. (Complaint ¶ 13.)  Between June 2, 2003 and December 19, 2003, Fairchild failed to pay Plaintiff any amount for the fourteen week period that he worked. (Complaint ¶ 14.)

Between January 2, 2001 and December 31, 2004, Fairchild required several employees, including Plaintiff, to take "shut down" days, where employees did not work and were not paid.

2

(Complaint ¶ 15.)  Fairchild gave Plaintiff 101 "shut down" days.  (Complaint ¶ 15.)  The parties agreed, however, that Plaintiff would continue to work on his "shut down" days but would receive reimbursement at a later date.  (Complaint ¶ 15.)

Between June 2001 and July 26, 2005 Fairchild and Miklavic reassured Plaintiff that they would reimburse him for the hours that he worked unpaid. (Complaint ¶ 17.)  The last affirmation was by Miklavic on July 26, 2005.  (Complaint ¶ 17.)

Around August 8, 2005, Fairchild, through its managing agent Joel Pond, informed Plaintiff that Fairchild would not pay Plaintiff for unpaid wages, salary, and earnings.  (Complaint ¶ 18). Around August 16, 2005, Plaintiff voluntarily ended his employment with Fairchild.

Plaintiff's complaint contains nine claims: (1) breach of oral contract, (2) breach of written contract, (3 through 5) breach of oral contracts, (6) fraud, (7) negligent misrepresentation, (8) failure to pay earned income and overtime compensation, (9) injunctive relief and treble damages. Defendants removed the case to this Court based upon diversity jurisdiction.[1]  Presently before the Court is Fairchild's motion to dismiss for failure to state a claim and motion to strike.  Fairchild contends that Plaintiff failed to plead the fraud claim with particularity.

### III. STANDARDS

**A.  Motion to Dismiss under Rule 12(b)(6)**

A Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss tests the legal sufficiency of a claim. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In ruling on a motion to dismiss, the court must accept as true all allegations of material fact and must construe said allegations in the light most favorable to the non-moving party.  Western Reserve Oil & Gas Co. v. New, 765 F.2d 1428, 1430 (9th Cir. 1985).  Any existing ambiguities must be resolved in favor of the pleading.  Walling v. Beverly Enterprises, 476 F.2d 393, 396 (9th Cir. 1973).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable

---

[1] Plaintiff is a California resident.  Fairchild is incorporated under the laws of the State of Delware and its principle place of business is in Maine.  Miklavic is a citizen of Maine.

3

legal theory or (2) insufficient facts stated under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984). In order to grant a motion to dismiss, it must appear to a certainty that a plaintiff would not be entitled to relief under any set of facts which could be proved. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B. Motion to Strike

Pursuant to Rule 12(f), Fed.R.Civ.P., "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a), Fed.R.Civ.P., defines pleadings as "complaints, answers, and replies to counterclaims."

## IV. DISCUSSION

### A. Plaintiff Fails To Plead His Sixth Cause of Action for Fraud with Particularity.

Fairchild contends that Plaintiff's claim for fraud should be dismissed because none of Plaintiff's allegations of fraud are sufficiently pled under Rule 9(b) Fed.R.Civ.P. Rule 9(b) requires that allegations of fraud be pled with particularity. Every element of a fraud cause of action must be alleged with sufficient specificity to allow defendant to understand the nature of the charge. See Roberts v. Ball, Hung, Hart, Brown & Baerwitz, 57 Cal. App. 3d 104, 109.

The Court finds that Plaintiff failed to plead his fraud cause of action with sufficient particularity. Throughout the Complaint, Plaintiff only alleges that "Defendants and each of them, made these representations to Plaintiff" without referencing what was said, by whom, when, and in what format (oral or written). (Complaint ¶¶ 55, 57, 59, 64, 65, and 66.) Plaintiff fails to specify exactly what promises he detrimentally relied upon.

In summary, Plaintiff's Complaint only pleads generalized accusations regarding his fraud claim; therefore, the heightened pleading requirements for fraud have not been satisfied. The sixth claim is dismissed with leave to amend.

### B. Plaintiff's Claims for Emotional Distress Damages Are Preempted By California's Workers' Compensation Act.

Fairchild contends that Plaintiff's claims for emotional distress damages are barred by

4

1 California's Workers' Compensation Act.  Plaintiff argues that his emotional distress claim falls
2 outside the scope of California's Workers' Compensation Act because the alleged illegal conduct
3 did not arise out of the normal course of employment.  To determine if conduct is outside the scope
4 of the normal employment relationship, courts look at whether the alleged conduct at issue is a risk
5 reasonably encompassed within the compensation bargain.  <u>Gantt v. Sentry Ins.</u>, 1 Cal. 4th 1083,
6 1101, 4 Cal. Rptr. 2d 874 (1992).  Plaintiff argues that misrepresentations regarding his wages are a
7 risk not encompassed within the compensation bargain.

8       The Court disagrees with Plaintiff.  Wage negotiations are a normal part of employment
9 relationships.  Disagreements regarding compensation are a risk reasonably encompassed in the
10 compensation bargain.  Plaintiff erroneously relies on <u>Lazar v. Superior Court (Rykoff-Sexton, Inc.)</u>,
11 12 Cal. 4th 631 (1996), <u>Lenk v. Total-Western, Inc.</u>, 89 Cal. App. 4th 959 (2001), and <u>Finch v.
12 Brenda Raceway Corp.</u>, 22 Cal. App. 4th 547 (1994) to argue that misrepresentations regarding
13 compensation are outside the normal scope of employment.  These cases can all be distinguished
14 from the present in that they all involved fraudulent statements made to induce plaintiffs to become
15 employees.  In <u>Lazar</u>, the employer made fraudulent statements that induced the employee to leave
16 his job in New Work and move across the country.  In <u>Lenk</u>, fraudulent statements about the
17 company's financial conditions induced the employee to join the company.  In <u>Finch</u>, the employer
18 knowingly made misrepresentations about the length of employment.  In the present case, the
19 promises regarding compensation were made after Plaintiff became an employee of Fairchild.  (See
20 Complaint ¶¶ 7,8.)  The statements were not made to induce him to become a Fairchild employee.
21 Because the statements at issue were made while Plaintiff was a Fairchild employee, his claim for
22 emotional distress damages is preempted by California's workers' compensation system.  Plaintiff's
23 claim for emotional distress damages contained in the Complaint at paragraphs 73 and 79 and in his
24 Prayer at paragraph 2 are ordered stricken.

25       **C. Plaintiff's Claim for Punitive Damages is Deficient**
26       Plaintiff's complaint contains an allegation that Fairchild acted with oppression, fraud, and
27
28       5

malice, and a prayer for punitive damages. This prayer for relief, however, is dependent upon the allegations of fraud and emotional distress, which are legally deficient. See Sections "A" and "B" above. Therefore, the prayer for punitive damages must be stricken.

## V.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss and motion to strike are granted.   The fraud claim is dismissed and the emotional distress claim is dismissed with prejudice. Paragraphs 73, 74, 75, and 79 of the Complaint and paragraph 2 of the prayer are stricken.  Plaintiff is granted leave to amend the Complaint.  Plaintiff shall file and serve an amended complaint by March 1, 2006.

Dated: February 7, 2006                           /s/James Ware
05cv4222fairchild                                  JAMES WARE
                                                   United States District Judge

6

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 Gerald A. Emanuel jemanuel@hinklelaw.com

3 Joel P Waelty jwaelty@hinklelaw.com

4 Michael Mayron mmayron@hinklelaw.com

5 Sharon S. Kirsch skirsch@mfmlaw.com

6 **Dated:   February 7, 2006**                              **Richard W. Wieking, Clerk**

**By:\_\_/s/JW Chambers_____
       Melissa Peralta
       Courtroom Deputy**

**United States District Court**
For the Northern District of California