**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Farzan Roohparvar, | NO. C 05-04222 JW |
| Plaintiff, | |
| v. | **ORDER GRANTING MIKLAVIC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| Fairchild Semiconductor of California, Kirk Miklavic. | |
| Defendant(s). | |

**I. INTRODUCTION**

Plaintiff ("Plaintiff") in this case is Farzan Roohparvar, a former employee of Fairchild Semiconductor Corporation. Defendants ("Defendants") are Fairchild Semiconductor Corporation of California ("Fairchild") and Kirk Miklavic ("Miklavic"), Fairchild's Director of Human Resources for the Analog Products Group, the Standard Products Group and the Sales Department. In February 1999, Plaintiff began employment with Fairchild. The employment was pursuant to an oral and written employment agreement where it was agreed that Plaintiff's annual salary would be $188,531.00. Plaintiff's lawsuit arises out of changes made to his salary schedule. The parties allegedly came to several agreements whereby Plaintiff would be paid an hourly rate for a maximum set of hours, yet he would actually continue to work his normal fifty to sixty hours per week. In return, Fairchild allegedly agreed to pay the remainder of Plaintiff's unpaid wages at an unspecified

later date, but failed to do so.  Plaintiff's complaint contains primarily claims for breach of contract and fraud.

Presently before the Court is Miklavic's motion to dismiss for lack of personal jurisdiction, failure to state a claim, and motion to strike.  Miklavic contends that he is a resident of Maine, and that his contact with the forum state is insufficient for this Court to exercise personal jurisdiction over him.  The motion was scheduled for hearing on December 5, 2005.  The Court finds it appropriate to take the motion under submission for decision based upon the papers filed by the parties, without oral argument pursuant to Civil Local Rule 7-1(b).  Based upon all the papers filed to date, the Court grants the motion to dismiss for lack of personal jurisdiction.

## II.  BACKGROUND

In February 1999 Plaintiff began employment with Fairchild.  (Complaint, hereinafter "Complaint," ¶ 7.)  The employment was pursuant to an oral and written agreement under which Plaintiff would receive $188,531.00 annually.  (Complaint ¶ 7.)

In June 2001, Defendants entered into an oral agreement whereby Plaintiff would work his normal fifty to sixty hours per week, but would be paid for only 10 hours a week, on an hourly basis. (Complaint ¶ 8.) The remainder of the wages were to be paid at an unspecified later date. (Complaint ¶ 8.)  Between July 8, 2001 and October 8, 2001, Fairchild paid Plaintiff for ten hours per week at a rate of $90.64 per hour while he continued to work fifty to sixty hours per week. (Complaint ¶ 9.)

On October 8, 2001, Fairchild modified the agreement and began paying Plaintiff for eleven hours instead of ten hours of work per week.  (Complaint ¶ 10.)  Fairchild never paid Plaintiff for the hours worked over eleven hours per week.  (Complaint ¶ 11.)  On December 15, 2002, Fairchild restored Plaintiff to his annual income of $188,531.00.  (Complaint ¶ 12.)

Around June 2, 2003, both parties entered into a new oral agreement, whereby Plaintiff would work fifty to sixty hours per week, but would receive pay for only two weeks of every month. (Complaint ¶ 13.)  Between June 2, 2003 and December 19, 2003, Fairchild failed to pay Plaintiff

2

any amount for the fourteen week period that he worked. (Complaint ¶ 14.)

Between January 2, 2001 and December 31, 2004, Fairchild required several employees, including Plaintiff, to take "shut down" days, where employees did not work and were not paid. (Complaint ¶ 15.) Fairchild gave Plaintiff 101 "shut down" days. (Complaint ¶ 15.) The parties agreed that Plaintiff would continue to work on his "shut down" days but would receive reimbursement at a later date. (Complaint ¶ 15.)

Between June 2001 and July 26, 2005, Fairchild and Miklavic reassured Plaintiff that they would reimburse him for the hours that he worked unpaid. (Complaint ¶ 17.) The last affirmation was by Miklavic on July 26, 2005. (Complaint ¶ 17.)

Around August 8, 2005, Fairchild, through its managing agent Joel Pond, informed the Plaintiff that Fairchild would not pay Plaintiff for unpaid wages, salary, and earnings. (Complaint ¶ 18). Around August 16, 2005, Plaintiff voluntarily ended his employment with Fairchild.

Plaintiff's complaint contained nine claims: (1) breach of oral contract, (2) breach of written contract, (3 through 5) breach of oral contract, (6) fraud, (7) negligent misrepresentation, (8) failure to pay earned income and overtime compensation, (9) injunctive relief and treble damages. Defendants removed the case to this Court based upon diversity jurisdiction.[1] Presently before the Court is Miklavic's motion to dismiss for lack of personal jurisdiction. Miklavic contends that he resides in Maine and lacks sufficient contacts with California for this Court to exercise personal jurisdiction over him. Miklavic also moves to dismiss for failure to state a claim, and to strike certain allegations.

### III. STANDARDS

**Motion to Dismiss under Rule 12(b)(2)**

Under Rule 12(b)(2), FED.R.CIV.P., a defendant may seek dismissal of an action based upon lack of personal jurisdiction. Once a defendant challenges jurisdiction, the plaintiff has the burden

---

[1] Plaintiff is a California resident. Fairchild is incorporated under the laws of the State of Delware and its principle place of business is in Maine. Miklavic is a citizen of Maine.

3

1 of establishing that the court has personal jurisdiction over a defendant.  See Rio Properties, Inc. v.
2 Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002); Doe v. Unocal Corp. , 248 F.3d 915, 923
3 (9th Cir. 2001).  "In a diversity case, the court must first inquire whether the assertion of jurisdiction
4 satisfies California state law as well as due process requirements."  Sinatra v. Nat'l Enquirer, Inc.,
5 854 F.2d 1191, 1194 (9th Cir. 1988).  Under California's long-arm statute, a court may exercise
6 personal jurisdiction to the full extent permitted by due process.  See CAL. CIV. CODE 410.10
7 (California restriction on due process is limited to that imposed by the United States Constitution);
8 Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000).

9      "The due process clause of the Fourteenth Amendment requires that the defendant must have
10 minimum contacts with the forum state 'such that the maintenance of the suit does not offend
11 traditional notions of fair play and substantial justice.'"  Sinatra, 854 F.2d at 1194, quoting Int'l
12 Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945).  General jurisdiction over
13 defendant constitutionally comports with due process if defendant has "minimum contacts" in the
14 forum state.  Int'l Shoe Co., 326 U.S. at 316, 66 S. Ct. at 158.  Specific jurisdiction is appropriate
15 when a foreign defendant's less substantial contacts with the forum give rise to the causes of action
16 in the suit.  Hanson v. Denckla, 357 U.S. 235, 250 (1958).  A three part test dictates whether a court
17 may exercise specific jurisdiction over a party:  (1) the defendant must have performed some act or
18 consummated some transaction within the forum or otherwise purposefully availed itself of the
19 privileges of conducting activities in the forum, (2) the claim must arise out of or result from the
20 defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.  See Cybersell,
21 Inc. v. Cybersell, Inc., 130 F. 3d 414, 416 (9th Cir. 1997).

22      In evaluating jurisdiction in the context of a motion to dismiss, the court need only determine
23 whether the facts, as alleged, are sufficient to establish a prima facie showing of personal
24 jurisdiction. FED.R.CIV.P. 12(b)(2).  Uncontroverted allegations in the plaintiff's complaint must be
25 taken as true and conflicts between the facts in the parties' affidavits must be resolved in the
26 plaintiff's favor.  See Rio Properties, Inc., 284 F.3d at 1019.

4

## IV.  DISCUSSION

Plaintiff does not contend that personal jurisdiction exists under the traditional bases for exercising personal jurisdiction, *e.g.* service within the state, domicile in the forum state, or consent to jurisdiction.  See Burnham v. Sup. Ct., 495 U.S. 604, 610-611, 110 S.Ct. 2105, 2110-2112 (1990); see Milliken v. Meyer, 311 U.S. 457, 462-63, 61 S.Ct. 339, 341-342 (1940); see Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590, 111 S.Ct. 1522, 1525-1526 (1991).  Rather, Plaintiff argues that personal jurisdiction exists over Miklavic because the complaint contains an allegation that Miklavich had sufficient contacts with California.  The Court disagrees with Plaintiff.

The Complaint contains only one allegation regarding Miklavic's contact with California: between June 2001 and July 26, 2005, agents of Fairchild, including Miklavic, affirmed Fairchild's commitment to reimburse him.  (Complaint ¶ 17.)  Miklavic allegedly made the last affirmation on July 26, 2005.  (Complaint ¶ 17.)  Conspicuously absent from the Complaint are allegations regarding when, where, and how often Miklavic  "affirmed" Fairchild's commitments.

Although even a single act may suffice to establish personal jurisdiction over a nonresident defendant, there must be a "substantial connection" with the forum.  See McGee v. Int'l Life Ins. Co. 355 U.S. 220, 223, 78 S.Ct. 199, 201 (1957).  In McGee , the Supreme Court found that an insurance company had a "substantial connection" to California because (a) the insurance contract at issue was delivered in California, (2) the premiums for the insurance contract were mailed from California; and (3) the insured was a California resident.  See McGee, 355 U.S. at 223.  In the present case, the connection between Miklavic and California is far more attenuated.

Moreover, any contact between Miklavic and Plaintiff was done solely in Miklavic's corporate capacity.  (Complaint ¶¶ 3 and 5.)  For jurisdictional purposes, acts performed by individuals in their corporate capacities are acts of the corporation and immaterial for establishing minimum contacts as to the individual.  See Colt Studio, Inc. v. Badpuppy Enterprise, 75 F. Supp. 2d 1104, 1111 (1999).  The purpose of the minimum contacts requirement is to ensure that it is reasonable to hale a party into litigation in a distant and inconvenient forum.  See World-Wide

5

Volkswagon Corp. v. Woodson, 444 U.S. 286, 292, 100 S. Ct. 559, 564 (1980). As previously discussed, the Complaint contains only one allegation regarding Miklavic's contact with California. In light of the nature of Miklavic's contact with California, the exercise of jurisdiction over Miklavic, a resident of Maine, would be patently unreasonable. Therefore, the motion to dismiss for lack of personal jurisdiction is granted.

## V. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. Because the Court finds that there is no personal jurisdiction over Miklavic, the Court finds it is unnecessary to discuss Miklavic's motion to dismiss for failure to state a claim and motion to strike.

Dated: February 9, 2006

05cv4222miklavich

/s/James Ware
JAMES WARE
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN MAILED TO:**

Gerald A. Emanuel jemanuel@hinklelaw.com

Joel P Waelty jwaelty@hinklelaw.com

Michael Mayron mmayron@hinklelaw.com

Sharon S. Kirsch skirsch@mfmlaw.com

**Dated: February 9, 2006**                                  **Richard W. Wieking, Clerk**

                                                 **By:__/s/JW Chambers_____**
                                                      **Melissa Peralta**
                                                      **Courtroom Deputy**

**United States District Court**
For the Northern District of California